GENARO CAUTIÑO INSÚA, Plaintiff and Appellant, v. PIZÁ HERMANOS, S. en C., Defendant; and CATALINA CANALS RODÓN ET AL., Interveners and Appellees.

No. 5208. Argued June 25, 1930.—Decided March 12, 1931.

914

*T. Bernardini de la Huerta* for appellant.   *L. Muñoz Morales* as amicus curiae.

MR. JUSTICE ALDREY delivered the opinion of the Court.

After a judgment by default had been entered against the defendant in the present action, brought by Genaro Cautiño Insúa against the mercantile firm of Pizá Hermanos, *S. en C.*, on an obligation secured by a first mortgage on two pieces of rural property and by a pledge of cattle, the heirs of Francisco Pizá consisting of his widow and two sons, who claim to be creditors of the firm Pizá Hnos., *S. en C.*, for a certain sum of money secured by a second mortgage on the said two properties and maturing on December 31, 1931, appeared in the action and moved the court to vacate the said judgment on the grounds of nullity which they set forth, and to open the default entered against said Pizá Hnos., *S. en C.*   They based their application on the ground that, according to the contract entered into between the plaintiff and the defendant firm, the interest claimed and a part of the principal must be paid out of the proceeds of the cattle pledged.   They filed with their petition a complaint in intervention in which they prayed that, once the judgment had been set aside and the default opened, they be allowed to intervene in the action, and they substantially relied on the same ground which they had advanced in their motion to set aside the judgment and open the default.

The lower court vacated the judgment and opened the default and subsequently sustaining the complaint in intervention, from which decision the plaintiff took the present appeal.

It is a general and almost absolute rule that only parties to an action are entitled to apply for the vacation of the judgment and that, irrespective of irregularities, strangers to the record can not make such application; subject to the limitation that strangers injuriously affected in their rights by the judgment may so apply. 34 C. J. 344, sec. 558. But as this is an exception to the general rule, it must clearly and positively appear that such a stranger has actually been affected or prejudiced by the judgment whose vacation is sought preparatory to opening a default entered. However, such is not the case here, inasmuch as it is not claimed by the petitioning heirs in their application that the plaintiff has collected the interest and a part of the principal of his mortgage credit so as to make it appear that the credit of the plaintiff being smaller, the heirs would be injured in their second mortgage because the judgment would have to be paid with property which is also subject to the second mortgage. Relying on such a vague and ambiguous ground as that set forth in the petitioners' application for the vacation of the judgment and opening the default entered, the heirs of Francisco Pizá are not entitled to disturb a judgment which has been accepted by the parties, and therefore the decision must be reversed in every particular, since the intervention granted was a consequence of the vacation of the judgment and the opening of the default. What appears from the acts of the heirs of Pizá is that they sought to evade the provisions of section 72 of the Code of Civil Procedure, according to which the intervention must take place before the trial; and similarly the doctrine lay down in *Pillot* v. *Pillot*, 21 P.R.R. 188.

Here we should end this opinion, but we think it advisable to state that after the present appeal was taken Cautiño bought from the appellees the mortgage credit on which they based their applications in the case at bar.